_____
_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:10-CR-100 TS |
| Plaintiff, | : | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CONTINUE TRIAL** |
| v. | : | |
| Rufino Alvarez, | : | |
| Defendant. | : | |
| | : | |

_____

Counsel for Defendant moves to continue the February 9, 2011 trial because Defendant lives out of state and is hard to reach and both counsel have been working on plea negotiations, which fell through on January 20, 2011. The Court finds that Counsel has not shown why Counsel could not, considering due diligence, be prepared for trial now set for February 9, 2011. As the Tenth Circuit has explained:

> Our decisions . . . indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. A record consisting of only short, conclusory statements lacking in detail is insufficient.
> . . . Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough.[1]

---

[1] *United States v. Toombs*, 574 F.3d 1262, 1271-72 (10th Cir. 2009) (footnote and citations omitted).

1

In *United States v. Larson*,[2] the Tenth Circuit has further explained what is insufficient for the Court to make the required ends-of-justice findings necessary to exclude time. As in *Larson*, in the present case there is no information on "how much time defense counsel need[s] to prepare for trial and what preparations [she] has already made."[3] Without this type of information, the Court can not "adequately determine whether denying the continuance would deprive defense counsel of the 'reasonable time necessary for effective preparation, taking into account the exercise of due diligence.'"[4] It is therefore

ORDERED that Defendant's Motion to Continue trial (Docket No. 26) is DENIED WITHOUT PREJUDICE. Defendant may re-file his Motion with the information necessary for the Court to make an ends-of-justice finding.

DATED this 19th day of January 2011.

BY THE COURT:

_____
The Honorable Ted Stewart
United States District Judge

---

[2] \_\_ F.3d \_\_, 2010 WL 5151635 (10th Cir. Dec. 20, 2010).

[3] *Id*. at *4.

[4] *Id*. (quoting 18 U.S.C. § 3161(h)97)(B)(iv)) (emphasis added in *Larson*).